for new trial in both cases were therefore proper and were duly filed because filed within time. *In re Estate of Lowry,* 140 Ohio St., 223, 42 N. E. (2d), 987; *State, ex rel. Merion,* v. *Van Sickle,* 42 Ohio Law Abs., 33, 59 N. E. (2d), 383; *Anderson* v. *Local Union No. 413,* 29 Ohio Law Abs., 364.

It follows from what we have said that the motion to strike the bill of exceptions will also be overruled.

*Motions overruled.*

HORNBECK, P. J., GEIGER and MILLER, JJ., concur.

MARTIN, APPELLANT, *v.* RIDGE MOTOR SALES, INC., APPELLEE.

(No. 6634—Decided March 18, 1946.)

*Mr. Harry Falk,* for appellant.
*Mr. Charles J. Armstrong,* for appellee.

MATTHEWS, J. This is an action in replevin to re-

cover a 1935. Chrysler sedan automobile. It originated in the Municipal Court of Cincinnati, which rendered judgment for the plaintiff. On appeal to the Common Pleas Court, the judgment was reversed and the cause remanded. The ground of reversal was that "the plaintiff-appellee did not produce a certificate of title showing ownership of the motor vehicle in question in this cause, and, therefore, failed to sustain the burden of proof." The appeal to this court is from the judgment of reversal.

This controversy arose out of an attempt by the plaintiff to exchange his automobile for another owned by defendant. In pursuance of that attempt, he delivered his Chrysler automobile and his certificate of title therefor to the defendant. The Municipal Court found—and there was substantial evidence to support the finding—as follows:

"The secretary of the defendant company had the plaintiff sign in blank the assignment on plaintiff's certificate of title to the plaintiff's 1935 Chrysler sedan automobile, and also had the plaintiff sign in blank an order for a 1936 Buick.

"That the defendant informed the plaintiff that in the event the 1936 Buick automobile was unsatisfactory to the plaintiff that the plaintiff could return same and that there would be no sale.

"That the defendant refused to allow plaintiff to test the 1936 Buick telling him to return the following day.

"That the following day plaintiff took the 1936 Buick and that it was unsatisfactory and was returned by plaintiff and accepted by defendant.

"That about a week or two later the plaintiff was allowed to try a 1938 Oldsmobile, which was unsatisfactory and was returned by plaintiff and received by defendant.

"That the plaintiff's 1935 Chrysler automobile is unlawfully detained by the defendant and that the plaintiff has the title thereto.

"That there was no consideration for a sale and that the plaintiff is entitled to immediate possession of his 1935 Chrysler automobile."

As its conclusions of law, the Municipal Court found that the plaintiff was the owner of the Chrysler automobile and entitled to its immediate possession.

It appears from the evidence that before the transaction had been completed by acceptance of another automobile by the plaintiff, the defendant, using the plaintiff's certificate of title and his assignment thereon in blank, had a new certificate of title issued to it. That was the reason the plaintiff could not produce a certificate of title at the trial.

The question is whether under such circumstances the inability of the plaintiff to produce a certificate of title precluded him from recovering his automobile in this action in replevin. We think not.

A case having many features in common with this case is that of *Automobile Finance Co.* v. *Munday,* 137 Ohio St., 504, 30 N. E. (2d), 1002, in which the court reviewed at considerable length and construed the Certificate of Title Act, Section 6290-2 *et seq.,* General Code, and after doing so, found in favor of Usinger, a defendant there, notwithstanding he had no certificate of title. After quoting the provision of Section 6290-4, General Code, that no person shall acquire any right, title, claim, or interest in or to a motor vehicle until he shall have had issued to him a certificate of title, and that no waiver or estoppel should operate in favor of any such person "against a person having possession of such certificate of title * * * for a valuable consideration," the court, at page 521, said:

"There is a further reason why appellant had no

right to rely on the certificate of title, even if it had been issued properly. Under Section 6290-4, General Code, unless the holder of the certificate of title paid a valuable consideration therefor, waiver and/or estoppel may still operate in favor of a person acquiring a motor vehicle from the owner thereof. Under the facts of this case, appellant is estopped from setting up its chattel mortgage against appellee Usinger.''

And, at page 522:

''Although Usinger's right of property may be defective by reason of his lack of possession of a certificate of title, the evidence clearly establishes that he had the right of possession. Replevin will not lie against one who has the right of possession at the time of the commencement of the suit.''

Referring back to the findings of the Municipal Court and the evidence, we find that the plaintiff had the certificate of title to this Chrysler automobile, which certificate he delivered to the defendant with his signature to a blank assignment endorsed thereon for the purpose of effecting a transfer of title to the defendant in the event and only in the event that the parties agreed upon its exchange for another automobile. It was further agreed that in the event the automobile tendered by defendant was not satisfactory to the plaintiff ''there would be no sale.'' Notwithstanding this provision and before the plaintiff had accepted the automobile tendered by defendant, and while negotiations were still in progress, the defendant, using the blank assignment had the clerk of courts issue to it a new certificate of title and later accepted the return of its automobile, but refused to return the Chrysler to the plaintiff.

These findings of fact show that the defendant had no authority to use the blank assignment while the exchange of the automobiles was still pending; that

there was no consideration paid for the title defendant acquired by the unauthorized surrender of the plaintiff's certificate of title; and that as between defendant and the plaintiff, the plaintiff has title and right to immediate possession of the automobile.

For these reasons, the judgment of the Court of Common Pleas is reversed and that of the Municipal Court of Cincinnati affirmed.

*Judgment reversed.*

HILDEBRANT, P. J., MATTHEWS and ROSS, JJ., concur in the syllabus, opinion and judgment.